**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| POOLRE INSURANCE CORPORATION, STEPHEN FRIEDMAN, DANA MOORE, ROBERT L. SNYDER, II, JEFF CARLSON, STEWART A. FELDMAN, THE FELDMAN LAW FIRM, LLP, CAPSTONE ASSOCIATED SERVICES (WYOMING), LP, CAPSTONE ASSOCIATED SERVICES LTD., and CAPSTONE INSURANCE MANAGEMENT, LTD. | § § § § § § § § § § § § § § § § § § § § § § § § § | CIV. ACT. NO. _____  <br><br><br><br> JUDGE _____ |
| *Plaintiffs* | | |
| VERSUS | | |
| SCOTT K. SULLIVAN, FRANK J. DELLACROCE, ST. CHARLES SURGICAL HOSPITAL, LLC, CENTER FOR RESTORATIVE BREAST SURGERY LLC, SIGMA DELTA BILLING, LLC, CERBERUS INSURANCE CORPORATION, JANUS INSURANCE CORPORATION, and ORION INSURANCE CORPORATION, | | |
| *Defendants* | | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1453

Defendants / Class Representatives, Doctor Scott Sullivan, Doctor Frank DellaCroce, St. Charles Surgical Hospital, LLC, Center for Restorative Breast Surgery, LLC, Sigma Delta Billing, LLC, Cerberus Insurance Corporation, and Orion Insurance Corporation (collectively, the "Doctors"), file this Notice of Removal Pursuant to 28 U.S.C. § 1453 and respectfully assert:

1.

This Court has jurisdiction pursuant to 28 U.S.C. 1332(d).

2.

"In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. 1332(d)(6). The Doctors, as Class Representatives, allege that they have incurred damages in excess of $5,000,000. Numerous other class members, of which there are more than a 100, have also likely sustained or incurred, individually, damages in excess of $5,000,000 due to the alleged actions and inactions of the Feldman Parties.[1] Thus, the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. 1332(d)(2).

3.

"Class action" under the Class Action Fairness Act ("CAFA") means "any civil action filed under . . . rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. 1332(d)(1)(B). In passing CAFA, Congress intended the term "class action" to interpreted liberally:

> [T]he Committee further notes that the definition of "class action" is to be interpreted liberally. Its application should not be confined solely to lawsuits that are labeled "class actions" by the named plaintiff or the state rulemaking authority. Generally speaking, lawsuits that resemble a purported class action should be considered class action for the purpose of applying these provisions.

S.Rep. No. 109-14, at 35, 2005 U.S.C.C.A.N. 3, 34.

---

[1] The Feldman Parties refer collectively to Plaintiffs, Jeff Carlson, Stewart Feldman, The Feldman Law Firm, LLP, Capstone Associated Services, Ltd., Capstone Associated Services (Wyoming) LP, and Capstone Insurance Management, Ltd.

4.

The Federal Arbitration Act ("FAA"), as codified in 9 U.S.C. § 1, *et seq*., sets forth judicial procedures mandating the enforcement of private agreements to arbitrate and, thus, in turn, authorize an action to be brought by 1 or more representative persons as a class action to the extent permitted by the arbitration agreement.

5.

Class action is permitted under the parties' 2015 Engagement Letter. The arbitration clause in the Engagement Letter requires application of American Arbitration Association ("AAA") Commercial Arbitration Rules. *See* 2015 Engagement Letter at PDF p. 15, attached as Exhibit A. By agreeing to be bound the AAA Commercial Arbitration Rules, the parties also agreed to be bound by the AAA Supplementary Rules for Class Arbitrations (the "AAA Class Rules"). *See* Rule 1(a) of the AAA Class Rules. A copy of the AAA Class Rules is attached as Exhibit B.

6.

The AAA Class Rules "permit any party to move a court of competent jurisdiction to confirm or to vacate" clause construction awards and class certification awards issues by arbitrators. *See id.* at Rules 3 and 5(a) of the AAA Class Rules. The FAA mandates that the parties' arbitration agreement be enforced, including the parties' agreement to permit any party to move a court of competent jurisdiction for judicial review of a class action arbitration's clause construction and class certification awards. Further, the parties' Engagement Letter provides that "any person may have a U.S. District Court or another court of competent jurisdiction enter the findings of the arbitrator for all purposes, including for the confirmation and enforcement of any award." *See* 2015 Engagement Letter at PDF p. 15, attached as Exhibit A.

7.

The matter being removed is a class action under 28 U.S.C. 1332(d)(1)(B). The matter being removed is a state court proceeding filed by Plaintiffs, Jeff Carlson, Stewart Feldman, The Feldman Law Firm, LLP, Capstone Associated Services, Ltd., Capstone Associated Services (Wyoming) LP, and Capstone Insurance Management, Ltd. (collectively the "Feldman Parties") and PoolRe Insurance Corp., Stephen Friedman, Dana Moore, Robert L. Snyder, II, (collectively "PoolRe") on November 19, 2020. A copy of Plaintiffs' November 19, 2020 Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Petition") is attached as Exhibit C. Plaintiffs' Petition ultimately was allotted to the 189th District Court of Harris County, Texas.

8.

The parties named in Plaintiffs' November 19, 2020 Petition were and are arbitrating various disputes before certain arbitrators, including an arbitration before the Honorable Charles R. Jones, formerly the Chief Judge of the Louisiana Court of Appeals for the Fourth Circuit in New Orleans, Louisiana.

9.

Judge Jones is presiding as arbitrator over a class action arbitration filed by the Doctors against the Feldman Parties on December 23, 2020. A copy of the Doctors' December 23, 2020 Arbitration Demand against Plaintiffs, which asserts a class action, is attached as Exhibit D. The Doctors are Class Representatives in the class action arbitration before Judge Jones.

10.

On February 11, 2021, Judge Jones ordered that his arbitration would proceed as a class action arbitration. A copy of Judge Jones' Order (Feb. 11, 2021) is attached as Exhibit E. Also

attached collectively, as Exhibit F, are prior arbitrator's class certification orders, dated November 5, 2020 and November 16, 2020.

11.

On February 16, 2021, the Feldman Parties filed with the 189th District Court of Harris County, Texas a Motion to Vacate Arbitration Awards Pursuant to Section 171.088 of the CPRC and Section 10 of the Federal Arbitration Act ("Motion to Vacate"), which is attached as Exhibit G.

12.

On February 27, 2021, the Feldman Parties filed with the 189th District Court of Harris County, Texas an Amended Motion to Vacate Final Arbitration Awards Certifying a Class Action and Imposing Sanctions ("Amended Motion to Vacate"), a copy of which is attached as Exhibit H.

13.

The Feldman Parties' Amended Motion to Vacate was the first filing by the Feldman Parties with the 189th District Court of Harris County, Texas that put Judge Jones' class action and class certification order, dated February 11, 2021, before the 189th District Court of Harris County, Texas.

14.

The Feldman Parties' February 27, 2021 Amended Motion to Vacate challenges Judge Jones' class action arbitration and seeks to vacate the class certification order issued by Judge Jones on February 11, 2021. The Feldman Parties assert that Judge Jones' class certification award is "void *ab initio*." *See* Plaintiffs' Amended Motion to Vacate at p. 2. The Feldman Parties assert further that Judge Jones "exceeded his powers by giving [a former arbitrator's class certification award] "full force and effect." *See id.* at p. 12. The Feldman Parties ask, therefore, that the 189th District Court vacate Judge Jones' class certification orders. *See id.*

15.

Through their filing of the February 27, 2021 Amended Motion to Vacate, the Feldman Parties voluntarily submitted the class action to the 189th District Court of Harris County, Texas for judicial review. Through this Notice, the Doctors remove the proceeding before the 189th District Court of Harris County, Texas so that the class action and the class certification order is before this Court for judicial review.

16.

The Doctors are timely filing this Notice of Removal within the time required by *See* 28 U.S.C. § 1446(b)(C)(3). The Feldman Parties' February 27, 2021 Amended Motion to Vacate constitutes an "amended pleading, motion, order or other paper" giving rise to Defendants' right to seek removal within thirty days of the matters before the 189th District Court of Harris County, Texas. *See* 28 U.S.C. § 1446(b)(C)(3); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-98 (5th Cir. 2013) ("If the initial pleading did not trigger the thirty day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become removable."); *O'Bryan v. Chandler*, 356 F.Supp. 714, 717 (W.D. Okl. 1973) (concluding that removal "could be based upon subsequent pleadings or the conduct of the parties"); *Stone v. Foster*, 163 F.Supp. 298, 304 (W.D. Ark. 1958) (referring to the "well-settled rule that a case not removable when commenced may become removable by the voluntary act or conduct of the plaintiff").

17.

The matter being removed is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. 1332(d)(2)(A).

18.

Doctor Scott Sullivan and Doctor Frank DellaCroce are citizens of the State of Louisiana.

19.

None of the Plaintiffs herein are citizens of the State of Louisiana.

20.

Under 28 U.S.C. § 1453(b), a "class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought . . . ."

21.

Pursuant to 28 U.S.C. § 1453, the Doctors hereby remove the state court proceeding between the parties from the 189th District Court of Harris County to this Court for judicial review of the class action, clause construction, and class certification orders, as contemplated by the parties' Engagement Letter and applicable AAA Class Rules.

22.

Pursuant to Local Rule 5.2, the Doctors advise the Court of related litigation between the parties before the Honorable Lee Rosenthal, Chief Judge of this Court. Chief Judge Rosenthal is currently presiding over the matter *Scott Sullivan, et al. v. Stewart A. Feldman, et al.*, Cause No. 4-20-cv-02236.

23.

In addition to the exhibits referenced above, attached hereto are:

1. All executed process in the 189th District Court of Harris County, Texas, attached as Exhibit I;

2. Plaintiffs' Amended Petition and Application for Temporary Injunction and Permanent Injunction, attached as Exhibit J;

3. Defendants' Special Exception, Motion to Dismiss or Abate, and Original Answer and Affirmative Defenses to Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, attached as Exhibit K,

4. All orders signed by the 189th Judicial District Court, attached collectively as Exhibit L;

5. The docket sheet from Cause No. 2020-74685 pending with the 189th Judicial District Court for Harris County, Texas, attached as Exhibit M; and

6. A list of all counsel of record, including addresses, telephone numbers, and parties represented, attached as Exhibit N.

Respectfully submitted,

*/s/ James M. Garner*
JAMES M. GARNER (Tex. Bar # 792312/ 13895)
PETER L. HILBERT, JR (Tex. Fed. Bar # 114441)
THOMAS J. MADIGAN, II (Tex. Fed. Bar #3337451)
JEFFREY D. KESSLER (Tex. Fed. Bar # 3567546)
DAVID A. FREEDMAN (Tex. Fed. Bar # 3567550)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com

**McDowell Law Group LLP**
Kacy J. Shindler
State Bar No. 24088407
Texas Federal Bar No. 2954540
ks@houstontrialattorneys.com
603 Avondale Street
Houston, Texas 77006
Telephone: (713) 655-9595
Facsimile: (713) 655-7868

**ATTORNEYS FOR DEFENDANTS**

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

Before me, the undersigned Notary Public, personally came and appeared Scott Sullivan, M.D., a person of the age of majority, who, after being duly sworn did depose and say:

1. My name is Scott Sullivan, M.D.

2. I am a class representative in the arbitration before Judge Jones. I am also a Defendant in the matter *PoolRe Insurance Corp. v. Sullivan*, Cause No. 2020-74685 in the 189th Judicial District Court for Harris County, Texas.

3. I have reviewed the foregoing Notice of Removal Pursuant to 28 U.S.C. § 1453 and verify the factual allegations therein as true to the best of my understanding, knowledge and belief.

4. I declare under penalty perjury that the matters stated herein are true and correct.

_____
Scott Sullivan, M.D.

SWORN TO AND SUBSCRIBED BEFORE
ME IN MY PRESENCE:

THIS 28th DAY OF February, 2021.

_____
NOTARY PUBLIC

PRINT NAME: David Freedman

NOTARY/BAR NO.: 155102

DAVID FREEDMAN
NOTARY PUBLIC
BAR # 36463 | NOTARY ID # 155102
STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing has been served on all known counsel of record via e-mail and/or first class mail this 28th day of February, including:

JOHN ZAVITSANOS
Tex. Bar No. 22251650
jzavistanos@azalaw.com

SAMMY FORD IV
Texas Bar No. 24061331
sford@azalaw.com

SHAWN BATES
Texas Bar No. 24027287
sbates@azalaw.com

CAMERON A. BYRD
Texas Bar No. 24097444
cbyrd@azalaw.com

IAN MARSHALL SANDER
Texas Bar No. 24117181
isander@azalaw.com

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, PC**
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**COUNSEL FOR POOLRE INSURANCE CORP., STEPHEN FRIEDMAN, DANA MOORE, AND ROBERT L. SNYDER, II**

E. JOHN GORMAN
Texas Bar No. 08217560
jgorman@feldlaw.com

JOSEPH F. GREENBERG
Texas Bar No. 24059856
jgreenberg@feldlaw.com

STEWART A. FELDMAN
Texas Bar No. 06887600
sfeldman@feldlaw.com
**THE FELDMAN LAW FIRM, LLP**
Two Post Oak Central
1980 Post Oak Blvd.
Suite 1900
Houston, Texas 77056
Telephone: (713) 850-0700
Facsimile: (713) 850-8530

**COUNSEL FOR THE FELDMAN LAW FIRM, LLP AND STEWART A. FELDMAN**

L. ANDY PAREDES
Texas Bar. No. 00788162
aparedes@rslfunding.com

**RSL FUNDING, LLC**
Two Post Oak Central
1980 Post Oak Blvd.,
Suite 1975
Houston, Texas 77056
Telephone: (713) 850-0550
Facsimile: (713) 623-0329

**COUNSEL FOR CAPSTONE ASSOCIATED SERVSICES, LTD., CAPSTONE (WYOMING), LIMITED PARTNERSHIP, CAPSTONE INSURANCE MANAGEMENT LTD., ROBERT SNYDER, II, STEPHEN FRIEDMAN, DANA MOORE, AND JEFF CARLSON**

        /s/ *James M. Garner*
        JAMES M. GARNER