IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| POOLRE INSURANCE CORPORATION, STEPHEN FRIEDMAN, DANA MOORE, ROBERT L. SNYDER, II, JEFF CARLSON, STEWART A. FELDMAN, THE FELDMAN LAW FIRM LLP, CAPSTONE ASSOCIATED SERVICES (WYOMING) LP, CAPSTONE ASSOCAITED SERVICES LTD, and CAPSTONE INSURANCE MANAGEMENT LTD.<br><br>*Plaintiffs*<br><br>v.<br><br>SCOTT K. SULLIVAN, FRANK J. DELLACROCE, ST. CHARLES SURGICAL HOSPITAL LLC, CENTER FOR RESTORATIVE BREAST SURGERY LLC, SIGMA DELTA BILLING LLC, CERBERUS INSURANCE CORPORATION, JANUS INSURANCE CORPORATION, and ORION INSURANCE CORPORATION,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | C.A. No. 4:21-cv-00658 |

**PLAINTIFFS' MOTION TO VACATE FINAL ARBITRATION AWARDS**

Invoking Federal Arbitration Act ("FAA") § 10, Plaintiffs[1] move to vacate

---

[1] Dana Moore, Stephen Friedman, Robert L. Snyder II, and Jeff Cohen are not signatories to any

1

final arbitral awards issued by former Judge Lloyd Medley (the "Medley Award") in one arbitration and by Robert A. Kutcher (the "Kutcher Award") in another. The Medley Award purports to certify a class to arbitrate class claims, while the Kutcher Award assesses monetary sanctions against all Plaintiffs except PoolRe Insurance Corp. ("PoolRe"), Moore, Snyder, and Friedman. Both arbitrators exceeded their power by issuing the awards and thus both awards should be vacated. 9 U.S.C. § 10 (identifying when an arbitrator "exceeds his powers" as a ground for vacatur of an arbitration award).[2]

The statutory grounds codified by Section 10 of the Federal Arbitration Act ("FAA") empower the Court to vacate all these awards. In support of this motion, Plaintiffs contemporaneously submit their Brief in Support hereof.

## FAA Section 10 Codifies Exclusive Grounds for Vacatur

FAA § 10(a) codifies the exclusive statutory grounds for vacating the Medley, Kutcher, and Jones Awards: (1) corruption, fraud, or undue means gives rise to the award; (2) the arbitrator exhibits evident partiality or corruption; (3) the arbitrator engages in misconduct in refusing to postpone the hearing, upon sufficient cause

---

of the parties' arbitration agreements. Defendants wrongly named them as parties in arbitration demands.

[2] To the extent necessary, Plaintiffs further move to vacate an award issued by former Judge Charles Jones that does nothing more than adopt the Medley Award ("Jones Award"). The Jones arbitration purports to serve as a successor to the Medley arbitration and thereby supposedly involves a class arbitration. To vacate the Medley Award would likewise take the Jones Award down with it.

shown, or in refusing to hear evidence pertinent and material to the controversy; or engages in any other misbehavior that prejudices the rights of any party; or (4) the arbitrator exceeds his powers, or so imperfectly executes them so as to prevent a mutual, final, and definite award upon the subject matter submitted. 9 U.S.C. § 10(a); *see also Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008); *Citigrp. Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009). Under the FAA, parties have three months to vacate a final arbitral award. *See* 9 U.S.C. § 12 (a party must seek vacatur within three months).

### THE COURT MAY REVIEW THE AWARDS UNDER THE FAA AND TAA

The FAA and TAA make final awards subject to judicial review. *See Denver City Energy Assocs., LP v. Golden Spread Elec. Co-op., Inc.*, 340 S.W.3d 538, 545-46 (Tex. App. – Amarillo 2011, no pet.). Courts have carved out exceptions to the finality rule for certain "interim" awards arbitrators issue before the arbitration finally concludes. *In re Chevron U.S.A., Inc.*, 419 S.W.3d 329, 337-38 (Tex. App. – El Paso 2010, orig. proceeding). One exception makes "an interim award . . . final when it represents the final determination of a discrete issue, and is not subject to change or revision by the arbitrators." *Id.* at 338.

The Supplementary Rules for Class Actions promulgated by the American Arbitration Association ("AAA") classify the Medley Award as a "partial final

3

award" and empower this Court to review it. AAA Supp. R. Class Actions 3-5. The Supreme Court agrees, reviewing a similar "clause construction award" issued by an arbitrator under the same Supplementary Rules. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n.2 (2010). The Jones Award follows suit.

The Kutcher Award, which assesses $17,319.32 in sanctions against all Plaintiffs except PoolRe, represents a ruling on a discrete claim for affirmative relief under Texas law. *See Villafani v. Trejo*, 251 S.W.3d 466, 469-71 (Tex. 2008). This self-contained and independent relief gives rise to judicial review. *See id.* (award of monetary sanctions survives nonsuit by plaintiff and gives rise to its own appeal). Thus, the Court may consider and rule on this motion to vacate.

### Plaintiffs Timely Move To Vacate the Awards

This motion comports with the briefing schedule to which the parties stipulated in an effort to expedite consideration by the Court. *See* Dkt. No. 5. Plaintiffs are therefore timely moving to vacate under that agreed schedule.

Beyond this agreement, Plaintiffs are assailing the Medley Award within the statutory limitations period fixed by the FAA and the Texas Arbitration Act ("TAA"). *See* 9 U.S.C. § 12 (three months); Tex. Civ. Prac. & Rem. Code § 171.088(b) (90 days). Plaintiffs asked the Texas state court to vacate the Medley Award in an original petition they filed on November 19, 2020 and amended on December 7, 2020. *See* EXs 1-2. Judge Medley issued

4

his first "order" granting a motion for class certification on November 5, 2020 followed by a "Supplemental Order on Claimants' Motion for Class Certification" that came out on November 16, 2020. *See* EX 3.

The motion to vacate the Medley Award filed by Plaintiffs on February 16, 2021 and the amended motion to vacate they filed on February 27, 2021 relate back to the original petition's filing date of November 19, 2020. EXs 4-5. *Compare Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1381-82 (11th Cir. 1988) (amended motion to vacate relates back to original filing date) *and Passa v. City of Columbus*, No. 2:03-CV-81, 2008 WL 687168, at *5-7 (S.D. Ohio Mar. 11, 2008) (same) *with ANR Coal Co., Inc. v. Cogentrix of N.C.,* 173 F.3d 493, 497 n.1 (4th Cir. 1999) (movant satisfied the FAA's limitations period by filing complaint within three months where no prejudice resulted). Plaintiffs are thus timely moving to vacate the Medley Award.

On February 11, 2021, Judge Jones issued his own award classifying the Medley Award as a "partial final award as provided for in Rules 3 and 5 of the AAA Supplementary Rules for Class Actions" and giving it "full force and effect in this arbitration." EX 6. Plaintiffs are thus timely moving to vacate the Jones Award under the FAA and TAA.

On January 7, 2021, the Kutcher Award issued. EX 7. Plaintiffs are thus timely moving to vacate the Kutcher Award under the FAA and TAA.

5

## GROUNDS FOR VACATING THE AWARDS

Plaintiffs challenge the Medley, Kutcher, and Jones Awards because all three arbitrators exceeded their limited powers in issuing or seeking to enforce those awards. Indeed, Arbitrator Kutcher issued his award after he lost jurisdiction and Plaintiffs divested him of all authority to act. Despite issuing his award while his jurisdiction still existed, Judge Medley further conducted fundamentally unfair proceedings, thereby violating due process. The FAA and TAA empower the Court to vacate these awards. *See* 9 U.S.C. § 10(a); TEX. CIV. PRAC. & REM. CODE § 171.088(a). Judge Medley's jurisdiction then ran out. Plaintiffs in turn divested Judge Medley of all authority under the applicable provision in the arbitration agreements, rendering the Medley Award void *ab initio* and a legal nullity. Judge Jones could neither adopt nor revive the void Medley Award.

Judge Medley exceeded his powers, violated due process, and engaged in misbehavior or misconduct by failing to strictly follow the AAA's Supplementary Rules on Class Actions, refusing to postpone his hearing on class certification, and denying Plaintiffs the right to present material evidence at the class certification hearing. Judge Medley conducted fundamentally unfair arbitration proceedings, thereby prejudicing Plaintiffs. To the extent that the Supplementary Rules on Class Actions serve as "authority" to arbitrate class claims, Judge Medley exceeded his

6

powers in failing to apply them as written.

Judge Medley also exceeded his powers as arbitrator by issuing a fatally defective "class certification" award where the parties never agreed to arbitrate a class action in the first place ("Class Certification Award"). *See* EX 3. To the contrary, key contracts expressly prohibit arbitrating class claims, and the glaring absence of any express agreement to arbitrate class claims renders the Class Certification Award void *ab initio*. By denying Plaintiffs the right to present any evidence on critical class-action elements at the hearing for certifying a class and failing to follow mandatory procedures, Judge Medley further deprived them of due process. The due process violation, by itself, nullifies the Class Certification Award.

This first award further lost all force or effect when Plaintiffs divested Judge Medley of arbitral jurisdiction pursuant to the parties' agreed-upon method for selecting an arbitrator. At that point, Judge Medley became *functus officio* and so did the Class Certification Award. Judge Charles Jones later purported to adopt or revive the Class Certification Award, making this second award void *ab initio* for these same reasons. *See* EX 6. Nothing could breathe new life into a dead Class Certification Award. To the extent necessary, the Court should vacate the Jones Award.

As for the third and final award, Mr. Kutcher exceeded his powers by

purporting to issue a sanctions award against all Plaintiffs but PoolRe after his own jurisdiction expired and Plaintiffs exercised their contractual right to divest him of jurisdiction pursuant to the parties' agreed-upon method for appointing an arbitrator. EX 7. At the time Mr. Kutcher took this action, no such power existed anymore as defined by the 50+ arbitration agreements. Mr. Kutcher thus exceeded his jurisdictional authority as arbitrator. The Court should vacate the void Kutcher Award.

## PRAYER FOR RELIEF

Plaintiffs respectfully request this Court to vacate the Medley, Kutcher, and (to the extent necessary) Jones Awards in their entirety, and to grant Plaintiffs such other relief made available by all other applicable law, including the FAA and TAA.

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

*/s/ Sammy Ford IV*
Sammy Ford IV
Texas Bar No. 24061331
Federal ID. 950682
sford@azalaw.com
Shawn Bates
Texas Bar No. 24027287
Federal ID. 30758
sbates@azalaw.com
Ian Marshall Sander
Texas Bar No. 24117181
Federal ID. 3609023
isander@azalaw.com
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**ATTORNEYS FOR PLAINTIFF POOLRE INSURANCE CORPORATION AND DANA MOORE, ROBERT L. SNYDER II, AND STEPHEN FRIEDMAN**

*/s/ E. John Gorman*
E. John Gorman
jgorman@feldlaw.com
State Bar No. 08217560
Federal ID No. 5566
Joseph F. Greenberg
jgreenberg@feldlaw.com
State Bar No. 24059856
THE FELDMAN LAW FIRM LLP
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, TX 77056-3877
713.850.0700 ▪ 713.850.8530 (fax)

**COUNSEL FOR PLAINTIFFS STEWART A. FELDMAN AND THE FELDMAN LAW FIRM LLP**

  /s/ *L. Andy Paredes*
L. Andy Paredes
State Bar No. 00788162
Two Post Oak Central
1980 Post Oak Blvd., Suite 1975
Houston, TX 77056-3877
(713) 850-0550 ▪ (713) 600-0066 (fax)
aparedes@rslfundingllc.com

**COUNSEL FOR CAPSTONE ASSOCIATED SERVICES (WYOMING), LIMITED PARTNERSHIP, CAPSTONE ASSOCIATED SERVICES, LTD., CAPSTONE INSURANCE MANAGEMENT, LTD., AND JEFF CARLSON**

## CERTIFICATE OF CONFERENCE

On March 5, 2021 I asked counsel for Defendants whether they opposed this motion. Counsel for Defendants confirmed that Defendants oppose.

*/s/ Ian Marshall Sander*
Ian Marshall Sander

## CERTIFICATE OF SERVICE

I certify electronically delivering this motion to vacate to all counsel of record on March 5, 2021 *via* CM/ECF.

*/s/ E. John Gorman*
E. John Gorman