## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PoolRe Insurance Corp., *et al.*, | § | |
| | § | |
| v. | § | No. 4:21-cv-00658 |
| | § | |
| Scott K. Sullivan, *et al.*, | § | |

---

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION
## TO VACATE ARBITRATION AWARDS

---

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

Sammy Ford IV
Texas Bar No. 24061331
Federal ID. 950682
sford@azalaw.com
Shawn Bates
Texas Bar No. 24027287
Federal ID. 30758
sbates@azalaw.com
Ian Marshall Sander
Texas Bar No. 24117181
Federal ID. 3609023
isander@azalaw.com
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**ATTORNEYS FOR PLAINTIFF POOLRE INSURANCE CORPORATION AND DANA MOORE, ROBERT L. SNYDER II, AND STEPHEN FRIEDMAN**

i

E. John Gorman
jgorman@feldlaw.com
State Bar No. 08217560
Federal ID No. 5566
Joseph F. Greenberg
jgreenberg@feldlaw.com
State Bar No. 24059856
THE FELDMAN LAW FIRM LLP
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, TX 77056-3877
713.850.0700 ▪ 713.850.8530 (fax)

**COUNSEL FOR PLAINTIFFS
STEWART A.  FELDMAN AND THE
FELDMAN LAW FIRM LLP**

L. Andy Paredes
State Bar No. 00788162
Two Post Oak Central
1980 Post Oak Blvd., Suite 1975
Houston, TX 77056-3877
(713) 850-0550 ▪ (713) 600-0066 (fax)
aparedes@rslfundingllc.com

**COUNSEL FOR CAPSTONE
ASSOCIATED SERVICES
(WYOMING), LIMITED
PARTNERSHIP, CAPSTONE
ASSOCIATED SERVICES, LTD.,
CAPSTONE INSURANCE
MANAGEMENT, LTD., AND JEFF
CARLSON**

Plaintiffs file this brief to support their motion to vacate three separate arbitration awards under the exclusive statutory grounds for vacatur codified by the Federal Arbitration Act ("FAA") and Texas Arbitration Act ("TAA"). *See* 9 U.S.C. § 10(a); TEX. CIV. PRAC. & REM. CODE § 171.088(a).

## SUMMARY OF THE ARGUMENT

Lloyd Medley purported to certify a class to arbitrate class claims ("Class Award"). Yet Plaintiffs never explicitly agreed to arbitrate class claims as mandated by Supreme Court precedent. To the contrary, Plaintiffs entered into agreements that expressly bar class arbitration and never incorporated by reference the Supplementary Rules for Class Actions promulgated by the American Arbitration Association ("AAA"). Plaintiffs never assented to class arbitration.

Nor did Judge Medley strictly follow the procedures for certifying a class specified by the AAA's Supplementary Rules he invoked as the basis for his powers. To the extent he acted under those Rules, Judge Medley exceeded his powers. Disregarding the Rules' bifurcated process for class arbitrations further denied Plaintiffs due process.

In addition, Judge Medley exceeded his arbitral jurisdiction because Plaintiffs divested him of all authority, rendering the Class Award void *ab initio*. Former Judge Charles Jones purported to adopt and revive the void Class Award after Judge Medley lost jurisdiction ("Jones Award"). The void award remains a legal nullity.

1

Robert Kutcher purported to issue an award assessing monetary sanctions against all Plaintiffs except PoolRe Insurance Corp. ("PoolRe") ("Sanctions Award"). Before issuing his award, Mr. Kutcher lost jurisdiction when Plaintiffs divested him of all authority to act by invoking the procedure in the parties' arbitration agreements. Mr. Kutcher issued a void award.

## ARGUMENT AND AUTHORITIES

### A.   Plaintiffs Never Explicitly Agreed to Arbitrate Class Claims

Under the FAA, the arbitration agreement serves as the only source of the arbitrator's power. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681-82 (2010). The arbitrator's jurisdiction arises from the precise terms employed by the parties in the arbitration agreement. *See id.* at 681-84. In short, the parties can pick and choose those disputes that must go to arbitration. *See id.* at 681-84.

Given this basic precept, "a party may not be compelled under the FAA to submit to class arbitration unless there is a *contractual basis* for concluding that the party *agreed* to do so." *Id.*; *see First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995) (arbitration requires consent). The "intentions" and "expectations" expressed in the agreement control. *Stolt-Nielsen*, 559 U.S. at 682, 684.

Arbitration agreements must "explicitly" and affirmatively provide for class arbitration. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1419 (2019); *Robinson v. Home Owners Mgmt. Enters.*, 590 S.W.3d 518, 534 (Tex. 2019). None of them do

that here with the requisite specificity that would permit a class arbitration to go forward. *Stolt-Nielsen*, 559 U.S. at 685. Nor will a "mere inference" or reading between the lines suffice. *Lamps Plus, Inc.*, 139 S. Ct. at 1419. The FAA's "default rules" for arbitrating class actions require the parties' explicit consent and preempt any state law to the contrary. *Id.* at 1417-19.

Because class arbitration radically alters ordinary arbitration, the Court should never "presume[ ] the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Stolt-Nielsen S.A.*, 559 U.S. at 685-87. A broad arbitration agreement by itself fails to give explicit consent for class arbitration. *Id.* Nothing can purport to create a right to arbitrate a class action where no such contract term otherwise exists. *Id.* at 684-87. *The absence* of an express provision *forbidding* class arbitration also falls short, equating to silence or inference. *Id.* at 684-85.

A "fundamental tenet of Texas contract law" holds that a court "may neither rewrite the parties' contract nor add to its language," meaning the specific terms of the agreement govern. *Robinson*, 590 S.W.3d at 525, 534. Where the agreement never even references class claims at all, as here, "there is no affirmative contractual basis for concluding the parties agreed to classwide arbitration." *Id.*

## B.    Arbitration Agreements Set Strict Limits on Arbitrators

In certifying a class arbitration, Judge Medley and Judge Jones "wield only the authority they are [contractually] given." *Lamps Plus*, 139 S. Ct. at 1416. The

arbitration agreements place strict contractual limits on the arbitrators' authority to act, especially in a class-action setting. *See Robinson*, 590 S.W.3d at 525-26, 529-31, 533-34. When arbitrators exceed their contractual powers, Texas law has long held that any award they issue is "void." *Gulf Oil Corp. v. Guidry*, 327 S.W.2d 406, 408 (Tex. 1959); *Fortune v. Killebrew*, 23 S.W. 976, 978 (Tex. 1893).

The inquiry into whether the arbitrators here exceeded their powers turns on the text of the arbitration agreements, including their divestiture provision. *See Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 830 (Tex. App. – Dallas 2009, no pet.). The divestiture provision specifies the contractual procedure by which "any party" may "immediately divest" an arbitrator of "jurisdiction" after four months by submitting the dispute to a "replacement arbitrator." EX 1 at p. 15. The parties refer to this term as the "pumpkin provision."

Arbitrators exceed their powers when they adjudicate a dispute that falls outside the arbitration agreement's scope, enforce a right that nowhere exists, or otherwise stray outside the contract. *Gulf Oil Corp.*, 327 S.W.2d at 408. Nor can they bind a stranger to the arbitration agreement. *Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 707 (Tex. App. – Houston [1st Dist.] 2009, no pet.). By departing from the arbitration agreement's terms, arbitrators dispense their own brand of arbitral justice and thereby render their award a nullity. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

4

### C.    Judge Medley Exceeds his Powers in Certifying a Class

The FAA and TAA empower the Court to vacate the Class Award because Judge Medley exceeded his limited powers. *See* 9 U.S.C. § 10(a)(4); TEX. CIV. PRAC. & REM. CODE § 171.088(a)(3). Failing the acid test set forth by *Robinson*, *Stolt-Nielsen*, and *Lamps Plus*, no arbitration agreement here "explicitly" and affirmatively authorizes class arbitration. Even the broad language in the parties' agreements confers no right to arbitrate class actions. *Stolt-Nielsen S.A.*, 559 U.S. at 685-87; *Robinson*, 590 S.W.3d at 534.

Rather than explicitly authorize class arbitration, the 2015 Engagement Letter is silent on class arbitrations. Such silence never confers authority to arbitrate disputes, let alone authority to arbitrate class claims. *Stolt-Nielsen S.A.*, 559 U.S. at 687; *Robinson*, 590 S.W.3d at 533-34. By basing the Class Award on a nonexistent contract provision, Judge Medley exceeded his powers and issued a "void" award subject to vacatur. *Gulf Oil Corp.*, 327 S.W.2d at 408.

The arbitration agreement in the 2015 Engagement Letter does reference the AAA's Commercial Arbitration Rules. But those Rules never specifically authorize or even refer to class arbitration. Nor do the AAA Commercial Arbitration Rules once mention the Supplementary Rules that Defendants invoked. AAA SUPP. R. CLASS ACTIONS 1(a). *See* EX 2. Yet Judge Medley purported to rely on the Supplementary Rules in issuing his Class Award. EX 3 at p. 3 n.10.

The arbitration agreements never incorporate the Supplementary Rules by reference or even mention them. *See* EXs 1, 4-9. In Texas, the "absence of a specific reference to another instrument shows that the parties did not intend to contract with reference to the other instrument." *Clutts v. S. Methodist Univ.,* 626 S.W.2d 334, 336 (Tex. App. – Tyler 1981, writ ref'd n.r.e.). The parties must plainly refer to the Supplementary Rules for them "to be construed as part of the parties' agreement." *Id.*; *see Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 420 (5th Cir. 2014).

Failing any specific reference, the Court should conclude the parties lacked any knowledge of the Supplementary Rules and never assented to incorporate their terms. *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.,* 648 F.3d 258, 267 (5th Cir. 2011). The parties agreed that Texas substantive law governs their rights. EX 1 at p. 15. To form an enforceable contract under Texas law, the parties must mutually assent to its essential terms and reach a meeting of the minds. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Because no arbitration agreement specifically refers to the Supplementary Rules, the parties' minds never met. *See id.* Judge Medley thus exceeded his powers in relying on those Rules.

In any event, Supplementary Rule 3 provides that "the arbitrator shall determine as a threshold matter, in a reasoned partial final award on the construction of the arbitration clause, whether *the applicable arbitration clause* permits the arbitration to proceed on behalf of or against a class (the "Clause Construction

Award").” AAA Supp. R. Class Actions 3 (emphasis added). Judge Medley never made this threshold determination under Supplementary Rule 3 in either ruling he issued on class arbitration. *See* EXs 3, 10.

Judge Jones adopted “Judge Medley’s Order of November 5, 2020 certifying a class before that arbitrator,” but that “order” merely “granted” Defendants’ motion for class certification without providing the “reasoned award” Rule 3 requires. EX 11. Despite Rule 3’s mandate, neither Judge Medley nor Judge Jones ever issued a “clause construction award.” That initial independent step never occurred.

Rather than vindicate the Class Award, Supplementary Rule 3 undercuts it. The rule’s express terms demonstrate how the arbitrators exceeded their powers. While the rule, if applicable, would entitle Judges Medley and Jones to resolve whether an agreement permits class arbitration, they must base their threshold decision on “the applicable arbitration clause” itself and nothing else.

The rule’s last paragraph strips away arbitral power instead of conferring it: “In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis.” *Id.* “Shall not” carries a “mandatory” meaning. *Town of Annetta S. v. Seadrift Dev., LP*, 446 S.W3d 823, 829 (Tex. App. – Fort Worth 2014, pet. denied). Thus, neither the

AAA's Supplementary Rules nor its Commercial Arbitration Rules can serve as the contractual basis for arbitrating class claims.

On its face, the Class Award brings about its own demise under the FAA and TAA. Judge Medley relied on "the arbitration clause in the Engagement Letter to provide for class proceedings." EX 3 at p. 2. Yet such language says nothing about agreeing to arbitrate class actions. Judge Medley instead turns to the basic arbitration provision to justify his decision, concluding that "it provides for the arbitration of 'any and all other controversies, disputes or claims whatsoever'" and sets no limits on "the number of parties." *Id.* at p. 3. But precedent from the U.S. and Texas Supreme Courts forecloses this very analysis that draws on inference. *Stolt-Nielsen*, 559 U.S. at 687; *Robinson*, 590 S.W.3d at 533-34.

Judge Medley dispensed his own brand of arbitral justice when he stated that "the relevant arbitration provision's requirement that arbitration is mandated 'regardless . . . of the number of parties' to the proceeding leads me to conclude that the most efficient and economical resolution of this case is to proceed as a class action." EX 3 at p. 3; *see Stolt-Nielsen*, 559 U.S. at 671-72. A "conclusion" that class-action arbitration would "achieve the fair, efficient and economical resolution of the matter" relies not on an explicit contract term, but on a policy choice made by Judge Medley. EX 3 at pp. 3-4; *see Stolt-Nielsen S.A.*, 559 U.S. at 671-72, 676-77. Judge Medley exceeded his powers, requiring the Court to vacate the Class Award.

Judge Medley relied on the AAA's Commercial and Supplementary Rules to reach his decision. EX 3 at pp. 1-3. Supplementary Rule 3 expressly bars Judge Medley from invoking "the AAA rules [to] allow for class proceedings 'where a party submits a dispute to arbitration on behalf of or against a class or purported class.'" *Id.* at p. 3. By disregarding this express limitation, Judge Medley again exceeded his powers. *Gulf Oil Corp.*, 327 S.W.2d at 408.

### D.    Judge Medley Erases the Contract Clause Barring Class Actions

The parties executed a series of agreements that define their captive insurance transaction, the parties' rights, and the parties' legal relationships. *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000) (treating multiple transactional agreements as "single, unified instrument"). The class claims asserted by Defendants complain primarily that some Plaintiffs breached fiduciary duties involving the reinsurance risk pools managed by PoolRe. The PoolRe Stop Loss Insurance Policies and Quota Share Reinsurance Agreements govern the parties' participation in these annual pools and their legal relationships. EXs 4-9.

Because the class claims arise out of the legal relationships governed by the PoolRe agreements, their arbitration provisions establish the strongest nexus to those claims.[1] The PoolRe arbitration agreements apply not only to PoolRe and Defendants, but also to Plaintiffs Capstone Associated Services, Ltd. and The

---

[1] The class defined by Defendants' notice of class action confirms this nexus. *See* EX 12.

Feldman Law Firm LLP (among others) – the parties the class arbitration targeted. The PoolRe agreements therefore apply with great force.

An *unambiguous class action waiver* appears in each of the PoolRe arbitration agreements: "Each party to this agreement expressly waives any rights to pursue disputes between the parties to this agreement . . . in a class action (regardless of whether that collective action [or] class action is brought in court or in arbitration." *E.g.*, EX 8 at p. 12. The class action waiver exhibits the best evidence of the parties' intent to bar arbitrating class claims outright. *See 20/20 Commc'ns, Inc. v. Crawford*, 930 F.3d 715, 720 (5th Cir. 2019).

"The class arbitration bar" that forms a key term of the PoolRe arbitration agreements "specifically prohibits arbitrators from arbitrating disputes as a class action, and permits the arbitration of individual claims only." *Id.* at 721. This specific term prevails over other more general provisions that appear in the PoolRe arbitration agreements, in the Engagement Letter's arbitration agreement, and in the AAA Rules. *Id.* Rather than authorize class claims, the enforceable class arbitration bar prohibits them without exception. *See AMEX Co. v. Italian Colors Rest.*, 570 U.S. 228, 231, 233-39 (2013).

The unambiguous class arbitration bar cabined Judge Medley's authority as arbitrator. *See Lamps Plus*, 139 S. Ct. at 1416; *Gulf Oil Corp.*, 327 S.W.2d at 408. Judge Medley impermissibly read that specific provision right out of the contract.

*See Robinson*, 590 S.W.3d at 525, 533-34. Nor did Judge Medley look for or apply the correct rule of decision for construing the class arbitration bar, thereby improperly dispensing his own brand of arbitral justice. *See Stolt-Nielsen*, 559 U.S. at 671-74, 676-77. By purporting to find authority to order class arbitration despite the class arbitration bar, Judge Medley exceeded his powers. *See Stolt-Nielsen S.A.*, 559 U.S. at 685-87; *Robinson*, 590 S.W.3d at 533-34. Judge Medley issued a void Class Award, which the Court should vacate. *Gulf Oil Corp.*, 327 S.W.2d at 408.

### E.    Judge Jones Exceeds his Powers in Following Judge Medley's Lead

Under Texas law, Judge Medley rendered a "void" Class Award on November 16, 2020. *Id.* A void arbitration award stands as a nullity. *Smith v. Gladney*, 98 S.W.2d 351, 355 (Tex. 1936). Nor can Judge Jones adopt or revive that null and void award. *Hall v. Little*, 11 Tex. 404, 404-06 (1854). Yet Judge Jones found that "Judge Medley's Order of November 5, 2020 certifying a class before that arbitrator was a partial final award as provided for in Rules 3 and 5 of the AAA Supplementary Rules for Class Actions which remains in full force and effect in this arbitration." EX 11 at pp. 1-2.

Judge Jones gave "full force and effect" to *the wrong order* issued by Judge Medley, altogether bypassing the Class Award. *Id.* at p. 2. Judge Medley's order of *November 5, 2020* merely granted the motion for class certification without any comment or analysis, thereby violating the very AAA Supplementary Rules

Defendants invoked. *Id.* Besides relying on the wrong ruling made by Judge Medley, Judge Jones exceeded his powers by giving that order or the Class Award "full force and effect." Because Judge Medley lacked authority to issue either one of those rulings, Judge Jones plucked fruit from a poisonous tree. *See Hall*, 11 Tex. at 404-06. The Court should vacate the Jones Award.

### F.    The "Pumpkin Provision" Strips the Arbitrators of Jurisdiction

The "pumpkin provision" in the arbitration agreements imposes a four-month jurisdictional limit by which the arbitrator must "complete the arbitration to finality." EX 1 at p. 15. Otherwise, "any party" may "immediately divest" the arbitrator of "jurisdiction" by filing a "new written demand" for arbitration with "a replacement" arbitrator or arbitral organization. *Id.* Neither Judge Medley nor Mr. Kutcher issued final awards on the merits at the four-month mark, so Plaintiffs divested them of jurisdiction by initiating a new arbitration a "replacement arbitrator." *See* EXs 17-18.

Indeed, Judge Medley refused to extend his arbitral jurisdiction beyond the four-month period ending December 23, 2020. EXs 13-14. Although Plaintiffs divested Judge Medley of jurisdiction on December 19, 2020, he had already issued the Class Award. EX 18. Mr. Kutcher's arbitration began on July 29, 2020 and ended on November 29, 2020, with Plaintiffs divesting

him of jurisdiction on December 7, 2020. EX 17. Although he lacked any authority after Plaintiffs used the "pumpkin provision" to divest him of jurisdiction, Mr. Kutcher purported to issue the Sanctions Award on January 7, 2021. EX 15.

As an indispensable part of the arbitration agreements, the "pumpkin provision" defines the outer reaches of the arbitrator's jurisdiction. *See Jones v. St. Louis-S.F. Ry.*, 728 F.2d 257, 265 (6th Cir. 1984). This rigid time restriction cuts off the arbitrator's authority when "any party" invokes the divestiture clause at the end of four months. *See id.* To "divest" means to "deprive or dispossess especially of property, authority, or title." www.merriam-webster.com/dictionary/divest.

The instant Plaintiffs invoked the divestiture mechanism provided by the "pumpkin provision," Judge Medley and Mr. Kutcher lost all jurisdiction. The doctrine of *functus officio* attached, rendering all subsequent actions a nullity. *See Trade & Transp., Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991); *Bhd. of Ry. & Steamship Clerks v. Norfolk S. Ry.*, 143 F.2d 1015, 1017-19 (4th Cir. 1944). Because Mr. Kutcher issued the Sanctions Award after his jurisdiction expired, Texas law treats it as a void award and legal nullity. *See Gladney*, 98 S.W.2d at 355; *Barsness v. Scott*, 126 S.W.3d 232, 241 (Tex. App. – San Antonio 2003, pet. denied).

13

"A void act is one entirely null within itself, not binding on either party, and which is not susceptible of ratification or confirmation. Its nullity cannot be waived." *Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex. 1972); *accord United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

After Judge Medley and Mr. Kutcher were divested, the parties returned to the position they occupied as though those two arbitrations had never taken place. *See Crofts v. Court of Civ. Appeals*, 362 S.W.2d 101, 104 (Tex. 1962). The Class Certification Award and the Sanctions Award vanished into thin air. *See id.* The Court should also vacate the Class Award and Sanctions Award because the arbitrators exceeded their powers.

## G.    The "Pumpkin Provision" Defeats any Attempt to Avoid it

Arbitrators can never "ignore the plain language of a contract" or else they are "rewriting it" to dispense their own brand of arbitral justice. *Delek Refining, Ltd. v. Local 202, United Steel, Paper & Forestry*, 891 F.3d 566, 570 (5th Cir. 2018). The "pumpkin provision" restricts any authority Mr. Kutcher may purport to exercise in the absence of any arbitral jurisdiction. *See id.* This Court owes arbitrators no deference when they exceed "the jurisdictional limits" imposed by the arbitration agreement "or act[ ] contrary to its express provisions." *Id.*; *see also PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256, 263 (5th Cir. 2015).

By extending his jurisdiction beyond the date he was divested and by continuing to issue orders such as the Sanctions Award, Mr. Kutcher exceeded his authority. *See Sw. Airlines Co. v. Local 555, Transp. Workers Union of Am. AFL-CIO*, 912 F.3d 838, 845-47 (5th Cir. 2019). After divestment, Mr. Kutcher is sitting as an improperly appointed arbitrator. As such, his Award "must be vacated." *PoolRe Ins. Corp*, 783 F.3d at 263.

Mr. Kutcher may not act to deprive Plaintiffs of their contractual right to divest him of jurisdiction. *See Cont'l Airlines, Inc. v. Int'l Bhd. of Teamsters*, 391 F.3d 613, 620 (5th Cir. 2004); *see also Sw. Airlines Co.*, 912 F.3d at 846-47. The Court should vacate the Sanctions Award under FAA Section 10(a)(4). *See Sw. Airlines Co.*, 912 F.3d at 846-47; *PoolRe Ins. Corp.*, 783 F.3d at 263-65; *Cont'l Airlines, Inc.*, 391 F.3d at 620.

### F.    Mr. Kutcher Exceeds his Powers by Sanctioning Nonparty PoolRe

PoolRe never became a party to the Kutcher Arbitration, never participated in the Kutcher Arbitration, and never voluntarily submitted itself to the arbitrator's jurisdiction or acquiesced in the arbitrator's attempt to award relief against it. EX B at p. 4. In the Sanctions Award, Mr. Kutcher acknowledges that "PoolRe is not a party." *Id.*

Yet the Sanctions Award enforced a previous order of August 26, 2020 entitling Defendants to inspect, in part, PoolRe's own books and records

15

("Inspection Order"). *Id.* at 2. This earlier Inspection Order nevertheless purports to bind PoolRe – a nonsignatory to the 2015 Engagement Letter and a nonparty to the Kutcher arbitration.[2] Mr. Kutcher impermissibly purported to hold PoolRe liable under the Sanctions Award even though he lacked jurisdiction over PoolRe as a nonparty. *See Millmaker v. Bruso*, No. H-07-cv-3837, 2008 WL 4560624, at \*4 (S.D. Tex. Oct. 9, 2008); *see generally Stolt-Nielsen S.A.*, 559 U.S. at 686; *Hansberry v. Lee*, 311 U.S. 32, 40 (1940); *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003).

By ordering nonparty PoolRe to allow certain Defendants to inspect its books and records, Mr. Kutcher exceeded his authority. Mr. Kutcher then doubled down on this jurisdictional error by basing the Sanctions Award on this same Inspection Order. Section 10(a)(4) of the FAA thus subjects the Sanctions Award to vacatur. *See NCR Corp. v. Sac-Co.*, 43 F.3d 1076, 1080 (6th Cir. 1995); *Eljer Mfg. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1256-57 (7th Cir. 1994).

Mr. Kutcher exceeded his authority by imposing sanctions against "Respondents" in his arbitration after his Inspection Order directed the Capstone Parties, Mr. Carlson, and Mr. Feldman "to facilitate and allow the inspection of [PoolRe's] books and records." *See Hendricks v. The Feldman Law Firm LLP*, No. 14-826-RGA, 2015 WL 5671741, at \*4-\*5 (D. Del. Sept. 25, 2015) (vacating

---

[2] Defendants based the Kutcher arbitration on the 2015 Engagement Letter.

arbitration award purporting to exercise jurisdiction over and bind nonparty PoolRe).

FAA Section 10(a)(4) thus calls for setting aside the entire Sanctions Award. *See id.*

Stacking the Sanctions Award on the Inspection Order that obligated nonparty

PoolRe "tainted the entire process." *See PoolRe Ins. Corp.*, 783 F.3d at 265-66.

### G.   Judge Medley Deprived Plaintiffs of Due Process

At the class certification hearing, Judge Medley denied Plaintiffs due

process. This fundamentally unfair process deprived Plaintiffs of adequate

notice and a meaningful opportunity to object. *See Mullane v. Cent. Hanover*

*Bank & Trust Co.*, 339 U.S. 306, 312-15 (1950).

Judge Medley precluded Plaintiffs from introducing any evidence at

the class certification hearing while allowing Defendants to do so. EX 16 at

pp. 79-81, 90-96. The decision to certify a class hinged on vexing and fact-

intensive issues such as numerosity, adequacy, typicality, commonality, and

predominance. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045-

46 (2016). But Plaintiffs never got a chance to disprove these elements by

putting on the evidence they deemed probative.

The Class Award reveals that Judge Medley instead "considered" a

mere "proffer of evidence" tendered by Plaintiffs at the hearing after barring

them from introducing any in admissible form. In other words, Judge Medley

purported to weigh a summary of the testimony Plaintiffs were going to offer

at the hearing before he denied them that evidentiary right. Yet Judge Medley let Defendants offer evidence after the hearing ended. EX 16 at pp. 90-96.

Judge Medley committed "misconduct" or "misbehavior" by denying Plaintiffs the procedure mandated by the AAA Supplementary Rules on Class Actions for certifying a class. *See* 9 U.S.C. § 10(a)(3). Supplementary Rule 3 first requires the arbitrator to decide, as a threshold matter, if the parties agreed to arbitrate class claims. AAA SUPP. R. CLASS ACTIONS 3; EX 16 at pp. 75-79. This preliminary ruling results in a "Clause Construction Award" for which Plaintiffs may seek judicial review. EX 16 at pp. 88-89. Supplementary Rule 3 calls for a mandatory stay of the arbitral proceedings for at least 30 days to allow for such judicial review. *See* EX 16 at pp. 75-79, 88-89 & EX 2.

If the "Clause Construction Award" stands, the arbitrator must then make a second independent determination on certifying the class. *See* AAA SUPP. R. CLASS ACTIONS 4-5. This "Class Determination Award" gives rise to the same right of judicial review and imposes a second mandatory 30-day stay. *See* EX 16 at pp. 88-89. Judge Medley deprived Plaintiffs of their right to challenge each of these awards in court and to obtain the 30-day stays that accompany them. *See* EX 3.

Instead of following this AAA authority, Judge Medley collapsed the two separate inquiries into one, issued the Class Award, and granted only one 30-day stay that applied to a mere part of the proceedings. Judge Medley never took the initial step of issuing a "Clause Construction Award" and mandatory stay. By conflating the process, Judge Medley not only exceeded his authority, but also denied Plaintiffs the right to assail a "Clause Construction Award" in court before a "Class Certification Award" could become an issue. Judge Medley stripped Plaintiffs of this essential right to judicial review and deprived them of due process.

This re-sequencing prejudiced Plaintiffs. As one of its main objectives, the Class Award purported to allow Defendants to notify the class of claims asserting breaches of fiduciary duty, legal malpractice, fraud, and nondisclosure. The class consists of clients represented by the Capstone Parties and the Feldman Parties. But if Judge Medley had first issued a "Clause Construction Award" that the Court overturned when Plaintiffs challenged it, Defendants would have never reached step two – the inquiry into certifying a class. The class action would have died right then and there. Thus, Plaintiffs never received all the process they were due and the separate hearings afforded by the Supplementary Rules. *See* 9 U.S.C. § 10(a)(3); Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(b)-(d).

The Class Certification Award fails the acid test that requires fundamentally fair arbitral proceedings and "a full and fair hearing." *Burchell v. Marsh*, 58 U.S. (17 Haw.) 344, 349 (1854); *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979). Otherwise, fundamentally unfair proceedings deprive Plaintiffs of their due-process rights. *See Citizens Bldg. of W. Palm Beach v. W. Union Tel. Co.*, 120 F.2d 982, 984 (5th Cir. 1941).

Fundamental unfairness results when, as here, the arbitrator denies a continuance for Plaintiffs to make out the proper class-action case called for by the AAA Supplementary Rules. *See Sungard Energy Sys. Inc. v. Gas Transmission Nw. Corp.*, 551 F. Supp. 2d 608, 613 (S.D. Tex. 2008). Nor does a fair trial occur when the arbitrator prevents Plaintiffs from presenting evidence on the merits of the class-action issue or fails to consider any probative evidence they offer. *Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir. 1985).

## PRAYER FOR RELIEF[3]

Plaintiffs ask the Court to vacate the indivisible Class Award, Jones Award, and Sanctions Award in their entirety and grant all other available relief authorized by the FAA, other federal law, the TAA, and other Texas state law.

---

[3]  In moving to vacate the Class Certification and Sanctions Awards on specific grounds here, Plaintiffs reserve all rights to assert every legal basis for seeking to vacate any other arbitration awards any of the arbitrators may issue in the future.

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

*/s/ Sammy Ford IV*
Sammy Ford IV
Texas Bar No. 24061331
Federal ID. 950682
sford@azalaw.com
Shawn Bates
Texas Bar No. 24027287
Federal ID. 30758
sbates@azalaw.com
Ian Marshall Sander
Texas Bar No. 24117181
Federal ID. 3609023
isander@azalaw.com
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**ATTORNEYS FOR PLAINTIFF POOLRE INSURANCE CORPORATION AND DANA MOORE, ROBERT L. SNYDER II, AND STEPHEN FRIEDMAN**

*/s/ E. John Gorman*
E. John Gorman
jgorman@feldlaw.com
State Bar No. 08217560
Federal ID No. 5566
Joseph F. Greenberg
jgreenberg@feldlaw.com
State Bar No. 24059856
THE FELDMAN LAW FIRM LLP
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900

21

Houston, TX 77056-3877
713.850.0700 ▪ 713.850.8530 (fax)

**COUNSEL FOR PLAINTIFFS
STEWART A.  FELDMAN AND THE
FELDMAN LAW FIRM LLP**


  /s/ *L. Andy Paredes*
L. Andy Paredes
State Bar No. 00788162
Two Post Oak Central
1980 Post Oak Blvd., Suite 1975
Houston, TX 77056-3877
(713) 850-0550 ▪ (713) 600-0066 (fax)
aparedes@rslfundingllc.com

**COUNSEL FOR CAPSTONE
ASSOCIATED SERVICES
(WYOMING), LIMITED
PARTNERSHIP, CAPSTONE
ASSOCIATED SERVICES, LTD.,
CAPSTONE INSURANCE
MANAGEMENT, LTD., AND JEFF
CARLSON**


## CERTIFICATE OF CONFERENCE

On March 5, 2021 I asked counsel for Defendants whether they opposed this motion. Counsel for Defendants confirmed that Defendants oppose.

*/s/ Ian Marshall Sander*
Ian Marshall Sander


## CERTIFICATE OF SERVICE

I certify electronically delivering this motion to vacate to all counsel of record on March 5, 2021 *via* CM/ECF.

_/s/ E. John Gorman_____
E. John Gorman